**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MATTHEW OLSON,**

        **Plaintiff,**

-vs-                                                                                          Case No.  6:10-cv-1771-Orl-28DAB

**KENNETH DIER, ELIZABETH MORGAN,**
**SCOTT GOSS, ROBERT ATKINS,**
**SCOTT BARNES, CRAIG BUTH,**

        **Defendants.**

_____

# ORDER

In his Amended Complaint, Plaintiff Matthew Olson ("Plaintiff") asserts nine claims against several officers of the Daytona Beach Police Department stemming from his arrest on November 14, 2006, and his subsequent prosecution.  Robert Atkins, Kenneth Dier, Elizabeth Morgan, Scott Gross, Scott Barnes, and Craig Buth (collectively "Defendants") now seek the dismissal of Count VIII–Gross Negligence.[1]  As discussed below, Defendants' motion must be granted.

## I.  Motion to Dismiss Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.'" Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or

---

[1] This case is before the Court on Defendants' Motion to Dismiss Count VIII of Plaintiff's Amended Complaint (Doc. 50) and Plaintiff's Response thereto (Doc. 53).

'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

## **I. Background**

Plaintiff alleges that on November 14, 2006, he and his then-girlfriend had a "verbal argument" while in Plaintiff's vehicle and that during the argument, Plaintiff's girlfriend "jump[ed] out of the moving vehicle while Plaintiff was driving." (Am. Compl. ¶¶ 15-16). Plaintiff then stopped the car to check on his girlfriend and attempted to persuade her to get back into the vehicle, but she refused and "demanded that he leave her there." (Id. ¶ 16). Plaintiff complied and went home. (Id.). Between 10:00 and 10:30 p.m. the same evening, Plaintiff was getting ready for bed and had undressed when Defendants came to Plaintiff's home and "pound[ed] on his front door" while yelling: "[T]his is the police, we want to talk to you . . . . If you do not open the door we are going to break it down." (Id. ¶¶ 18-19). According to Plaintiff, when he answered the door (apparently without getting dressed), Buth and Gross "barged in" to Plaintiff's home without his consent and "battered Plaintiff" by throwing Plaintiff against a wall, the banister, and the floor; "smash[ing] Plaintiff's head against the floor"; "stomp[ing]" on Plaintiff's arm; jamming a knee into Plaintiff's back; and

violently twisting Plaintiff's arm.  (Id. ¶¶ 19, 21).  Plaintiff then alleges that he was handcuffed and "thrown onto his front lawn," where he lay exposed for twenty to thirty minutes.  (Id. ¶¶ 24, 30-31).  Plaintiff alleges that during this time, Atkins, Barnes and Morgan illegally entered and searched Plaintiff's home.  (Id. ¶¶ 26, 32).  Plaintiff was eventually charged with a misdemeanor, but less than one month after his arrest "the prosecution of Plaintiff was terminated in his favor."  (Id. ¶¶ 38-39).

### III.  Analysis

In Count VIII, Plaintiff asserts a gross negligence claim against Defendants, alleging that–with malicious purpose and gross negligence–Defendants failed to perform a proper investigation; put Plaintiff's life in danger; wrongfully entered Plaintiff's home and searched Plaintiff's property; wrongfully detained Plaintiff; and acted with reckless disregard for the human life and safety of Plaintiff.  (Am. Compl. ¶¶ 105-06).  Defendants argue that Plaintiff has failed to state a claim upon which relief can be granted because there is no cause of action for negligent use of excessive force, negligent investigation, or negligent arrest under Florida law[2]; while Plaintiff, on the other hand, asserts that Florida does recognize a cause of action for gross negligence as alleged in the Complaint.

Defendants correctly state that Florida does not recognize a cause of action for negligent use of excessive force, Secondo v. Campbell, 327 F. App'x 126, 131 (11th Cir.

---

[2] Defendants also assert that even if there were such a cause of action, the facts asserted by Plaintiff do not rise to the necessary level of culpability to establish gross negligence and that the allegations in Count VIII are more appropriately addressed by other Counts in the Amended Complaint.  Because, as discussed in the text, Florida does not recognize a cause of action for negligent investigation, negligent use of excessive force, or negligent arrest, however, the Court need not address these arguments.

2009), negligent arrest, Harris v. Kearney, 786 So. 2d 1222, 1226 (Fla. 4th DCA 2001), or negligent investigation, Carpenter v. City of St. Petersburg, 547 So. 2d 339, 341 (Fla. 2d DCA 1989). Furthermore, the cases cited by Plaintiff only determined that the defendants were not protected by sovereign immunity pursuant to section 768.28, Florida Statutes,[3] not whether gross negligence is a cognizable cause of action under circumstances such as those alleged here. Hansen v. Florida, 503 So. 2d 1324, 1326 (Fla. 1st DCA 1987); West v. Wainwright, 380 So.2d 1338, 1339 (Fla. 1st DCA 1980).

## IV. Conclusion

In accordance with the foregoing, Defendants' Motion to Dismiss (Doc. 50) is **GRANTED with prejudice**. Count VIII–Gross Negligence is dismissed with prejudice.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 13th day of October, 2011.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party

---

[3]Section 768.28 provides in pertinent part that:
No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.
§ 768.28(9), Fla. Stat.